# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ROBIN M. LEE, et al.,

        Plaintiffs,

v.

TELECHECK CORP.,

        Defendant.

2:12-CV-705 JCM (GWF)

**ORDER**

Presently before the court is defendant TeleCheck Services Inc.'s (incorrectly named as Telecheck Corp.) motion to dismiss. Doc. #5. Plaintiffs have failed to file an opposition.[1]

Pursuant to Local Rule 7-2, an opposing party must file points and authorities in response to a motion and failure to file a timely response constitutes the party's consent to the granting of the motion and is proper grounds for dismissal. *See* LR IB 7-2(d); *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). However, prior to dismissal, the district court is required to weigh several

---

[1] TeleCheck provided the court with a copy of what purports to be plaintiffs' opposition to the instant motion to dismiss. The opposition was never filed with the court. Even if this court were to take notice of the opposition, it notes that the opposition contains no memorandum of points and authorities or citation to any legal case that supports denying the motion to dismiss. Rather, the opposition is an incoherent and barely legible. Furthermore, it is not apparent which plaintiff prepared the opposition (assuming the plaintiffs are each proceeding pro se). It appears, however, that one pro se plaintiff prepared the opposition on behalf of all plaintiffs. A plaintiff acting pro se cannot represent others. *See Johns v. Co. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for other than himself.").

**James C. Mahan**
**U.S. District Judge**

1  factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to
2  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
3  disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali v.*
4  *Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.
5  1986)).

6      In light of the plaintiff's failure to respond, failure to pay the court-mandated filing fee, and
7  weighing the factors identified in *Ghazali*, the court finds dismissal appropriate. Furthermore, as
8  it appears that the complaint was filed by plaintiff Robin Lee, appearing pro se, on behalf of other
9  individuals, the court finds the case should be dismissed. *See Johns v. Co. of San Diego*, 114 F.3d
10  874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no
11  authority to appear as an attorney for other than himself.").

12      Accordingly,

13      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant TeleCheck
14  Services, Inc.'s motion to dismiss (doc. #5) be, and the same hereby is, GRANTED.

15      DATED June 12, 2012.

                                                          **UNITED STATES DISTRICT JUDGE**