UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBIN M. LEE, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>TELECHECK CORP.,<br><br>        Defendant. | 2:12-CV-705 JCM (GWF) |

**ORDER**

Presently before the court is plaintiffs' motion for default judgment against defendant TeleCheck Services, Inc., incorrectly named as TeleCheck Corp ("TeleCheck"). (Doc. # 22). TeleCheck filed a response in opposition. (Doc. # 23). Plaintiffs failed to file a reply.

**I.    Background**

On April 27, 2012, plaintiffs filed a complaint against TeleCheck, alleging improper collection tactics. (Doc. # 1). Plaintiffs served TeleCheck on May 2, 2012. (Doc. # 4). TeleCheck filed a timely motion to dismiss for failure to state a claim on May 22, 2012. (Doc. # 5). On some date between May 22, 2012, and June 12, 2012, TeleCheck received an undated document that purported to be a response by plaintiffs. The plaintiffs never filed this document with the court. On June 12, 2012, TeleCheck filed a reply (doc. #11) to plaintiffs' undated and unfiled response. TeleCheck included plaintiffs' alleged response in its reply as exhibit A. (Doc. #11, Ex. A).

**James C. Mahan**
**U.S. District Judge**

1    Although plaintiffs submitted an alleged response to TeleCheck, plaintiffs failed to file a

2    timely response with the court.[1] Accordingly, the court granted TeleCheck's motion to dismiss on

3    June 12, 2012, pursuant to local rule 7-2(d). (Doc. #12). Additionally, in its order, the court stated:

> Even if this court were to take notice of the opposition, it notes that the opposition contains no memorandum of points and authorities or citation to any legal case that supports denying the motion to dismiss. Rather, the opposition is incoherent and barely legible. Furthermore it is not apparent which plaintiff prepared the opposition (assuming the plaintiffs are each proceeding pro se). It appears, however, that one pro se plaintiff prepared the opposition on behalf of all plaintiffs. A plaintiff acting pro se cannot represent others. *See Johns v. Co. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for other than himself.").

11   (Doc. # 12). The clerk also entered judgment in favor of TeleCheck and against plaintiffs on June

12   12, 2012. (Doc. #13).

13   Despite the entry of judgment for Telecheck, plaintiffs filed a "Motion for Order of Deserved

14   Default Judgement [sic]" on June 20, 2012. (Doc. # 14). TeleCheck filed its opposition to that

15   motion. (Doc. # 15). The court denied plaintiffs' motion for default judgment. (Doc. # 17). The

16   court denied the motion because it previously resolved this matter in favor of TeleCheck; therefore,

17   the motion was "without merit." (*Id.*).

18   Plaintiffs then filed a motion for this court to reconsider its grant of defendant's motion to

19   dismiss. (Doc. # 16). TeleCheck responded to the motion. (Doc. # 18). The court denied the

20   motion for reconsideration for failure to provide an appropriate ground for reconsideration. (Doc.

21   # 19).

22   Plaintiffs, undeterred, have filed another frivolous motion. Plaintiffs filed the instant motion

23   seeking default judgment in a case that has already been closed and judgment entered against them.

24   This is plaintiffs' last frivolous motion in this case without consequences.

---

[1] Oppositions to motions must be filed with the court within 14 days of service of the motion. LR 7-2(b).

**James C. Mahan**
**U.S. District Judge**

- 2 -

1 **II.    Legal Standard**

2     *A.    Default Judgment*

3 Default judgment is appropriate "when a party against whom a judgment for affirmative relief 4 is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. 5 . . ." Fed.R.Civ.P. 55.

6     *B.    Motion for Reconsideration*

7 Motions for reconsideration "should not be granted, absent highly unusual circumstances." 8 *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is 9 appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear 10 error or the initial decision was manifestly unjust, or (3) if there is an intervening change in 11 controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Kona*, 229 12 F.3d at 889-90 (listing same three factors).

13 **III.   Discussion**

14 These plaintiffs should be well familiar with both of the legal standards in section II *supra*. 15 This court has already denied a motion to reconsider by plaintiffs. (Doc. # 19). Plaintiffs cannot 16 keep filing motions seeking the same relief, but titling the motions something different.

17 This court has also denied one motion for default judgment filed by these plaintiffs. (Doc. 18 # 17). Additionally, in case number 2:12-cv-884-JCM, this court denied three frivolous motions for 19 default judgment filed by Robin M. Lee–the named plaintiff in this lawsuit. Plaintiff Lee is well 20 aware that this motion is frivolous as either a motion for default judgment or for a motion to 21 reconsider. Plaintiff is warned that the continual filing of completely frivolous motions could lead 22 to being sanctioned from the court.

23 This motion, like plaintiffs' other motions in this lawsuit, are incoherent and barely legible. 24 They offer no legal authority or arguments in support of their position.

25 . . .

26 . . .

27 . . .

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1   Accordingly,

2   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for
3   default judgment (doc. # 22) be, and the same hereby, is DENIED.

4   DATED March 15, 2013.

*[signature: James C. Mahan]*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -