# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBIN M. LEE, et al.,

   Plaintiffs,

v.

TELECHECK CORP.,

   Defendant.

2:12-CV-705 JCM (GWF)

# ORDER

Presently before the court is *pro se* plaintiffs' motion for default judgment against defendant TeleCheck Services, Inc. (Doc. # 26). Defendant has filed a response in opposition. (Doc. # 27). This is plaintiffs' fourth motion seeking a default judgment against the defendant. The court has previously denied each of plaintiffs' prior motions for default judgment and, in its last order, warned plaintiffs that filing another frivolous motion would result in sanctions. (*See* doc. # 24).

**I. Background**

On April 27, 2012, plaintiffs filed a complaint against TeleCheck, alleging improper collection tactics. (Doc. # 1). Plaintiffs served TeleCheck on May 2, 2012. (Doc. # 4). TeleCheck filed a timely motion to dismiss for failure to state a claim on May 22, 2012. (Doc. # 5). On some date between May 22, 2012, and June 12, 2012, TeleCheck received an undated document that purported to be a response by plaintiffs. The plaintiffs never filed this document with the court. On June 12, 2012, TeleCheck filed a reply (doc. #11) to plaintiffs' undated and unfiled response. TeleCheck included plaintiffs' alleged response in its reply as exhibit A. (Doc. #11, Ex. A).

**James C. Mahan**
**U.S. District Judge**

Although plaintiffs submitted an alleged response to TeleCheck, plaintiffs failed to file a timely response with the court.[1] Accordingly, the court granted TeleCheck's motion to dismiss on June 12, 2012, pursuant to local rule 7-2(d). (Doc. #12). Additionally, in its order, the court stated:

> Even if this court were to take notice of the opposition, it notes that the opposition contains no memorandum of points and authorities or citation to any legal case that supports denying the motion to dismiss. Rather, the opposition is incoherent and barely legible. Furthermore it is not apparent which plaintiff prepared the opposition (assuming the plaintiffs are each proceeding pro se). It appears, however, that one pro se plaintiff prepared the opposition on behalf of all plaintiffs. A plaintiff acting pro se cannot represent others. *See Johns v. Co. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for other than himself.").

(Doc. # 12). The clerk entered judgment in favor of TeleCheck and against plaintiffs on June 12, 2012. (Doc. #13).

Despite the entry of judgment in favor of TeleCheck, plaintiffs filed a "Motion for Order of Deserved Default Judgement [sic]" on June 20, 2012. (Doc. # 14). TeleCheck filed its opposition to that motion. (Doc. # 15). The court denied plaintiffs' motion for default judgment because it had previously resolved this matter in favor of TeleCheck; therefore, the motion was "without merit." (Doc. # 17).

Plaintiffs then filed a motion for this court to reconsider its grant of defendant's motion to dismiss. (Doc. # 16). TeleCheck responded to the motion. (Doc. # 18). The court denied the motion for reconsideration for failure to provide an appropriate ground for reconsideration. (Doc. # 19).

Plaintiffs then filed a third motion for default judgment. (Doc. # 22). Defendant filed a response in opposition to that motion. (Doc. # 23). The court again denied plaintiffs' motion and warned that submitting another frivolous motion would result in sanctions. (*See* order, doc. # 24).

Plaintiffs, undeterred, have filed the instant motion seeking default judgment in a case that has already been closed and judgment entered against them.

. . .

. . .

---

[1] Oppositions to motions must be filed with the court within 14 days of service of the motion. LR 7-2(b).

## II. Legal Standard

### A. Default Judgment

Default judgment is appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ." Fed.R.Civ.P. 55.

### B. Motion for Reconsideration

Motions for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Kona*, 229 F.3d at 889-90 (listing same three factors).

## III. Discussion

These plaintiffs should be well familiar with both of the legal standards in section II *supra*. This court has already denied a motion to reconsider by plaintiffs. (Doc. # 19). Plaintiffs cannot keep filing motions seeking the same relief, but titling the motions something different.

This court has also denied two motions for default judgment filed by these plaintiffs. (Docs. ## 17, 24). Additionally, in case number 2:12-cv-884-JCM, this court has denied four frivolous motions for default judgment filed by Robin M. Lee–the named plaintiff in this lawsuit. Plaintiff Lee is well aware that this motion is frivolous as either a motion for default judgment or as a motion to reconsider.

This motion, like plaintiffs' other motions in this lawsuit, is incoherent and barely legible. None of plaintiffs' motions offer any legal authority or arguments in support of their position. Yet, the defendant has been required to respond to these motions, incurring the associated expenses in doing so.

The court finds that the instant motion is frivolous. As was warned in the court's last order, sanctions would be imposed if plaintiffs filed another frivolous motion. The court finds it

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  appropriate to require plaintiffs to obtain leave from the court before submitting any further motions.
2  Any motions filed without first obtaining the court's approval will not be considered.
3      Accordingly,
4      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for
5  default judgment (doc. # 26) be, and the same hereby is, DENIED.
6      IT IS FURTHER ORDERED that plaintiffs must seek leave from the court before filing any
7  further motions in this case.
8      IT IS FURTHER ORDERED that defendant TeleCheck is not required to submit any
9  response or objection to any future motions filed in this case unless directed to do so by the court.
10     DATED October 4, 2013.

                                                /s/ James C. Mahan
                                                UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**